# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 10, 2020

No. 18-40883
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAMIRO CORDOVA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:15-CR-1335-1

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ramiro Cordova appeals his convictions for conspiring to possess, and possessing, with intent to distribute cocaine for which he was sentenced to 240 months of imprisonment. We will not consider Cordova's claims that his trial counsel rendered ineffective assistance by failing to investigate, file, and litigate a pretrial Federal Rule of Criminal Procedure 12(b)(3)(C) motion to suppress; the record is not sufficiently developed to evaluate the merits of these

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40883

claims, and they are denied without prejudice to collateral review. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).

Cordova has forfeited his stand-alone Fourth Amendment claim by raising it for the first time in his reply. *See United States v. Bowen*, 818 F.3d 179, 192 n.8 (5th Cir. 2016). Regardless, as Cordova concedes, he is required to show plain error because he failed to file a Rule 12(b)(3)(C) motion to suppress in the district court. *See United States v. Vasquez*, 899 F.3d 363, 372 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 1543 (2019). Because Cordova does not argue that any alleged error affected his substantial rights or the fairness, integrity, or public reputation of judicial proceedings, his claim necessarily fails. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

AFFIRMED.